IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LUCAS, | ) |
|       Petitioner, | ) |
| v. | )    CV-02-PT-1433-S |
| WARDEN STEPHEN BULLARD and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
|       Respondents. | ) |

## MEMORANDUM OPINION

The petitioner has filed a petition for a writ of habeas corpus challenging his first degree rape, first degree sodomy, and first degree burglary convictions received in May 1996. *See* 28 U.S.C. § 2254. He alleges (1) that he was denied effective assistance of counsel due to the fact that counsel did not move to suppress the blood sample that was taken from him while he was in custody on another charge; (2) that if the blood evidence had been suppressed, reasonable doubt would have existed; (3) that his sentence exceeds the statutory maximum because his prior convictions that were used to enhance his sentence were not properly authenticated; and, (4) that trial counsel was ineffective in failing to object to the evidence regarding his prior convictions. (Doc. 1 and attachments). On July 29, 2003, the magistrate judge assigned this matter entered a report and recommendation finding that the petition is due to be denied because it is barred from further review by the applicable statute of limitations (28 U.S.C. § 2244(d)) and because the petitioner has failed to demonstrate actual innocence or any right to equitable tolling.

The petitioner filed objections to the report and recommendation on September 23, 2003. (Doc. 24). He asserts that the claims that his sentence exceeds the statutory maximum and that

trial counsel was ineffective in failing to object to the prior convictions evidence should be considered by the court because he did not discover the existence of these claims until he received the trial transcript from his counsel after much "haggling." (*Id.* at 2). After full consideration, the court does not find that the delay in receiving the trial transcript is the kind of "extraordinary circumstance" that warrants equitable tolling. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to be "extraordinary circumstances" they must be beyond the petitioner's control and unavoidable even with diligence). Additionally, the court finds that the petitioner has not demonstrated actual innocence to warrant further consideration. *See Wyzyknowski v. Dept. of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (requiring the lower court to conduct an inquiry into whether the petitioner had demonstrated actual innocence).

The court has considered the entire file in this action together with the magistrate judge's Report and Recommendation and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this action is due to be denied and dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 7th day of October, 2003.

ROBERT B. PROPST
Senior United States District Judge